# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| James Ryan, ) | |
| ) | |
| Plaintiff, ) | C/A. No. 2:22-2636-RMG |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Douglas Products and Packaging Company, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff has brought a products liability action against four defendants alleged to be involved in the manufacturing, selling, distributing, and/or supplying of two fumigants, Vikane and Picrin, that he alleges caused him significant personal injury while he was employed by a pest control company. (Dkt. No. 1-1). Plaintiff is simultaneously pursuing benefits under the South Carolina Workman's Compensation Program against his employer. Plaintiff has moved for an indefinite stay in this civil action pending a resolution of his workers' compensation claim and the completion of ongoing medical treatment, which may include a double lung transplant. (Dkt. No. 29). Defendants oppose the stay, asserting that they would be prejudiced by an indefinite stay in this matter since Plaintiff's exposure to the chemicals at issue ended in 2019 and available evidence may be lost over the passage of time. (Dkt. Nos. 30, 31, 33).

A federal trial court has the inherent authority to stay an action and must weigh the competing claims of the parties regarding the burden or prejudice that may be experienced by the grant or denial of a stay. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The party seeking the stay "must justify it by clear and convincing circumstances outweighing potential harm

to the party against whom it is to operate." *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 128 (4th Cir. 1983).

The pendency of the workers compensation matter should not be a bar to discovery in this separate civil litigation, and Defendants are entitled to pursue discovery which involves a period of time dating back into 2018 or earlier. (Dkt. No. 1-1 at 4). To the extent that Plaintiff's ongoing medical treatment and recovery require some delay in some aspect of discovery or the setting of a trial date, the Court can address these matters as they may arise. After carefully weighing the interest of all parties to this action, the Court denies Plaintiff's the motion to stay. (Dkt. No. 29).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 13, 2023
Charleston, South Carolina